Judge Robertson,
delivered the opinion of the Court.
“It shall be the duty of the secretary of state, by and with the advice and consent of the *311 Governor, for the time being, to sell or exchange such portion of the decisions of the court of appeals, now published, or which may hereafter be published, and acts of assembly or other books belonging to this commonwealth, as they may deem expedient, and which may not he otherwise appropriated by law, and out of the proceeds thereof, purchase such books, charts or maps as they may think proper,” 1st section of session acts, 1820; 1 Digest, 859.
The writing signed by Wood.
Character of suit, demurrer and sus* tained.
Objections to the declaration.
Debt or covenant, the proper action: upon a specialty acknowledging a liability.
Power given to the Secretary of state, to sell or exchange books with the assent of the governor. His acts bind the state even without governor’s assent. Not necessary in a suit to aver assent. Nor need the person dealing with the secretary en-quire whether the Governor assented.
*311 “Received of the secretary of state, fifty copies of the Digest of. the laws of Kentucky, for which 1 am to allow the state $6 50 per set. July 28, 1823.
W. WOOD.”
On this writing, an action of covenant was brought, in the name of the commonwealth of Kentucky, against Wm. Wood; to which he demurred. The court sustained his demurrer, and thereupon, gave judgment against the commonwealth.
The objections which are urged to the declaration, are: 1st. That covenant is not the proper form of action. 2d. There is no averment of the assent of the governor. 3d. It does not appear to what secretary of slate the receipt was executed, and to what state the value of the books was to be allowed. 4th. The contract in this case, is unauthorized by law, and is consequently void. And, 5th. That the suit could not he maintained in the name of the commonwealth, but should have been brought in that of the secretary. If there are other objections to the declaration, they have not been suggested; and we have been unable to imagine any others. None of those made by the counsel, are sufficient to sustain the demurrer.
The writing, being a specialty, and acknowledging a liability, is the basis of an action, and either debt or covenant would bo the proper remedy for a breach. The covenant to account for the books, is express, and we are not driven to the necessity of implying a covenant, if such implication would be indulged.
It was not necessary to aver the assent of the governor. The act of assembly is directory to the secretary. A sale or exchange of books by him, without the advice or concurrence of the governor, would vest *312 the tifie. A person who purchases or exchanges books, is not bound to ascertain that the governor has approved the contract. This is to,be presumed. The state is bound by the contract of the secretary, and the purchaser must be bound also. Besides, the assent of the governor is implied until the contrary appears. Can Wood keep the books, and be exonerated from paying their stipulated value? If he is not liable on his covenant, he could be made liable in assumpsit, for the appropriation of the books to his own use. But a resort to such a remedy is not necessary, and would not be proper, as Wood is bound by a covenant, in writing, The state cannot vacate or object to ,the sale. It gave the authority to its secretary, and a purchaser cannot be required to know; that the governor has advised or assented to the sale.
The writing executed by Wood sufficient to prove that he received the books from the secretary of state of Kentucky, and only ■binds him to account to Kentucky.
An administrator has an authority to sell slaves; only if it shall be necessary for payment of debts; nevertheless, a sale by him, when it is not necessary,vests the title in the purchaser. This is a stronger case. If the secretary acted improperly, he is responsible; but Wood cannot be prejudiced, by any omission by the secretary to consult the governor. The state has not objected to the sale. It could not do so; if it would. Wood cannot, therefore, object. At all events, it is not necessary to aver the governor’s assent in the declaration.
There is still less in the third objection. We think that it appears with sufficient certainty, (hat Wood received the books from the secretary of state of Kentucky. He is in no danger of ever having to account to any other state. He acknowledges in Kentucky; that he received from the secretary of state fifty copies of the Digest of the laws of Kentucky. It is not probable that the secretary of any other state had fifty copies of the Digest of Kentucky, for sale, nor is it probable that Wood would have gone to any other state to purchase them, if they had been for sale elsewhere ; or that on the receipt of the books, an acknowledgment that he was “to allow the state $6 50 a set,” would have been given or accepted. It is as evident that this receipt was given to the secretary of Kentucky, as if it had said so expressly.
Suit properly ^°g|g^tThe expressly to “allow” to s*ate ¡ortleToo^s.
The secretary sonalinterest,
Denny, Attorney General, for commonwealth; Crittenden and Brown, for appellee.
The fourth objection requires no further notice. The act of assembly, and what we have already said; are enough to show that a sale by the secretary was valid.
As to the last objectioh; wé liavé no doubt that it is not sustainable. The suit was properly brought in the name of the commonwealth. The covenant is express to allow to the state the price of the books. If it were not express, such would be the implication of law. The legal right is in the 'commonwealth, and the books belonged to the commonwealth; therefore; the action is maintainable in the name of the commonwealth. 1 Chitty, 3-4; 1 Saunders; 153.
The secretary of state being the agent of the commonwealth, and having no personal interest, could not sustain a suit in his own name, even if the covenant had been express, that Wood would pay to him the price of the books. 1 Chitty, 5; 1 Hindman; 471; Ib. 61.
And if the secretary had had any personal interest which would have allowed him to sue in his own name, still a suit could be maintained in the name of the commonwealth, (the principal.) In such case either the principal or agent might sue.
The judgment of the general court is reversed; and the cause remanded for new proceedings.